# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| SHELLY LOWERY, INDIVIDUALLY, AND AS NEXT FRIEND OF A.L., *Plaintiffs*, <br><br> v. <br><br> DR. PEPPER BOTTLING CO. OF PARAGOULD, INC. AND GARY GRAMLING, *Defendants*. | CIVIL ACTION NO. _____ <br><br> JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiffs, Shelly Lowery and A.L. are individuals and citizens of the State of Texas.

2. Plaintiff, Shelly Lowery brings suit individually on her own behalf, and as Next Friend of her daughter, A.L., a minor child.

3. Defendant, Gary Gramling, an individual and a citizen of the State of Arkansas, resides at 29 Greene 604 Road, Paragould, AR 72450. By virtue of the operation of a motor vehicle on the public roads of Texas, as more particularly described below, Defendant Gramling has appointed the Chairman of the Texas Transportation Commission as his agent on whom citation may be served pursuant to TEX.CIV. PRAC. & REM.CODE §§ 17.062(a) and 17.063.

4. Defendant, Dr. Pepper Bottling Co. of Paragould, Inc., [Dr. Pepper] a corporation organized and existing under the laws of the State of Arkansas, by virtue of the operation of a motor vehicle on the public roads of Texas by and through its agent [Defendant Gambling] as more particularly described below, has appointed the

Chairman of the Texas Transportation Commission as its agent on whom citation may be served pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.062(a) and 17.063. Defendant's registered agent is Herb Bland, located at Hwy 412 at West Court St., Paragould, AR 72451.

## B. JURISDICTION

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(A)(1) because Plaintiffs and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000 excluding interest and costs. Plaintiffs are citizens of Lufkin, Texas and Defendants are citizens of Paragould, Arkansas.

## C. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The incident made the basis of this lawsuit occurred in the County of Angelina, State of Texas.

## D. FACTS

7. October 31, 2011, approximately 10:20 PM, Plaintiff's vehicle, west bound on State Highway 7, Angelina County, Texas, signaled and slowed to turn left off State Highway 7 into a private drive.

8. Defendant Gramling was driving a Penske 2009 International truck [leased by his employer, Defendant Dr. Pepper] and pulling a 2012 utility trailer westbound on State Highway 7, Angelina County, Texas.

9. Defendant Gramling, while following Plaintiffs' vehicle, failed to keep a proper lookout and was traveling at an unsafe speed.

10. As a result, Defendant's tractor trailer crashed into the rear Plaintiffs' vehicle causing

Plaintiffs' vehicle to roll and flip off the highway, destroying Plaintiffs' vehicle and causing Plaintiffs to suffer significant bodily injury.

11. It is clear that Defendant Gramling's negligence is the sole proximate cause of Plaintiffs' personal injuries.

### PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST GARY GRAMLING

12. Defendant Gramling had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiffs' damages were proximately caused by Defendant Gramling's negligent, careless and reckless disregard of said duty.

13. The negligent, careless and reckless disregard of duty of Defendant Gary Gramling consisted of, but is not limited to, the following acts and omissions:

   A. Failure to keep a proper lookout for other vehicles that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. Failure to turn his vehicle in an effort to avoid the collision complained of;

   C. Failure to apply his brakes to the vehicle in a timely and prudent manner;

   D. Failure to control his speed; and,

   E. Violation of Texas Transportation Code § § 545.062 and 545.351.

### PLAINTIFFS' CLAIM OF NEGLIGENCE *PER SE* AGAINST GARY GAMLING

14. Defendant Gary Gramling's conduct described herein constitutes an unexcused breach of duty imposed by **V.T.C.A. Transportation Code § 545.062.**

15. The statute imposes the duty on an operator of a motor vehicle, if following another vehicle, to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the

operator can safely stop without colliding with the preceding vehicle on the highway. To do otherwise, the operator is presumed not to have maintained an assured clear distance between the two vehicles and has thereby committed an offense.

16. Plaintiffs were members of the class that V.T.C.A. Transportation Code § 545.062 was designed to protect.

17. Defendant Gary Gramling's conduct described herein constitutes an unexcused breach of duty imposed by **V.T.C.A. Transportation Code § 545.351.**

18. V.T.C.A. Transportation Code § 545.351 imposes the duty on an operator of a motor vehicle, to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle on the highway. To do otherwise, the operator is presumed not to have controlled the speed as necessary and has thereby committed an offense.

19. Plaintiffs were members of the class that V.T.C.A. Transportation Code § 545.351 was designed to protect and the damages claimed of the type the statute was designed to prevent.

20. If Defendant Gary Gramling had kept a proper lookout and controlled his vehicle pursuant to the laws of the State of Texas addressing maintaining a safe distance between two vehicles and speed restrictions, Defendant would have avoided the incident made the basis of this lawsuit and not caused the very injuries and damages these statutes were designed to prevent.

21. Because Defendant violated the above Transportation Code Statutes, and because the violation of said laws directly and proximately caused injury and damage, Defendant Gary Gramling is *negligent per se* as a matter of law for which tort liability may be imposed.

## PLAINTIFFS' CLAIM OF *RESPONDEAT SUPERIOR* AGAINST DR. PEPPER BOTTLING CO. OF PARAGOULD, INC.

22. At the time of the occurrence of the act in question and immediately prior thereto, Gary Gramling was within the course and scope of his employment for Defendant Dr. Pepper Bottling Co. of Paragould, Inc.

23. At the time of the occurrence of the act in question and immediately prior thereto, Gary Gramling was engaged in the furtherance of Defendant Dr. Pepper Bottling Co. of Paragould, Inc.'s business.

24. At the time of the occurrence of the act in question, immediately prior thereto, and at all other times relevant herein, Gary Gramling was engaged in accomplishing a task for which Gary Gramling was employed and was operating Dr. Pepper's commercial motor vehicles in furtherance of Defendant Dr. Pepper's business.

25. In the event that Defendant Dr. Pepper compensates Defendant Gary Gramling on a contract 1099 basis, Defendant Gramling is nevertheless a statutory employee of Dr. Pepper pursuant to Section 390.5 of the Federal Motor Carrier Safety Regulations. Therefore, Plaintiffs invoke the doctrine of *Respondeat Superior* as against Defendant Dr. Pepper Bottling Co. of Paragould, Inc. Defendant Dr. Pepper is vicariously liable for all damages sustained by Plaintiffs which were caused by the negligence of Defendant Gary Gramling.

## PLAINTIFFS' CLAIM OF DIRECT NEGLIGENCE AGAINST DR. PEPPER BOTTLING CO. OF PARAGOULD, INC.

26. The direct negligence of Dr. Pepper Bottling Co. of Paragould, Inc., separate and apart from that of its driver, was also a separate and distinct cause of the crash causing Plaintiffs' injuries in this case.

27. The direct and separate negligence of Dr. Pepper Bottling Co. of Paragould, Inc. includes but is not limited to the following:

    A.    Failure to institute and enforce proper safety rules and procedures that would have prevented the accident;

    B.    Failure to provide the proper training to its employees so as to ensure that the employees could properly and safely perform the jobs required;

## PLAINTIFFS' CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DR. PEPPER BOTTLING CO. OF PARAGOULD, INC.

28. The occurrence made the basis of the underlying matter and the resulting injuries and damages to Plaintiffs may have been proximately caused by the negligence of Defendant Dr. Pepper Bottling Co. of Paragould, Inc. in one or more of the following respects:

    1)    Defendant Dr. Pepper Bottling Co. of Paragould, Inc.'s negligent entrustment of its vehicle to Defendant Gary Gramling;

    2)    Defendant Dr. Pepper Bottling Co. of Paragould, Inc.'s having knowledge of or failure to exercise care to ascertain the driver's deficiencies;

    3)    Defendant Dr. Pepper Bottling Co. of Paragould, Inc.'s having prior knowledge, or lack of knowledge it should have had, that Defendant Gary Gramling was a reckless, unsafe, or unfit operator of the vehicle.

## DAMAGES FOR PLAINTIFF SHELLY LOWERY

29. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Shelly Lowery, was caused to suffer injury to her person, and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Shelly Lowery, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual customary charges for such services in such area;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

  E.  Physical impairment, past and future;

  F.  Mental anguish, past and future; and,

  G.  Lost earning capacity, past and future.

## DAMAGES FOR PLAINTIFF A.L.

30. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, A.L., was caused to suffer injury to her person, and to incur the following damages:

  A.  Physical pain and suffering in the past;

  B.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Shelly Lowery, as next friend of A.L., for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Angelina County, Texas; and

  C.  Mental anguish post and future.

## PRAYER

31. For these reasons, Plaintiffs ask for judgment against Defendants for the following:

 a. All damages pled for herein;

 b. Prejudgment and post judgment interest;

 c. Costs of suit; and

 d. All other relief to which Plaintiffs may show themselves to be entitled and which the Court deems appropriate.

Respectfully submitted,

By: /S/ Mike Love
    Mike Love [Attorney in Charge]
    State Bar No. 24004778
    E-mail mikelove@texaslawoffice.com
    Sam Johnson
    State Bar No. 24047672
    E-mail sam.johnson@texaslawoffice.com

**MIKE LOVE & ASSOCIATES, L.L.C.**
202 E. Lufkin Ave., Suite 201
Lufkin, Texas 75901
Tel. 936.632.2000
Fax. 936.632.2005

*ATTORNEYS FOR PLAINTIFFS SHELLY LOWERY, INDIVIDUALLY, AND AS NEXT FRIEND OF A.L.*